*By the Court :
The statute authorizing and regulating arbitrations, requires that the arbitration bond shall specify some time arid place, at which the arbitrators shall attend to hear and determine the matters in dispute. The bonds executed in this case, contain such a provision., but it does not appear that it was observed. For anything we can discover, the arbitrators might have met at another time, and at a different place, and the award may have been exparte. The same motive which induced the legislature to require that a time and place should be agreed on, and stated in the submission, requires also that the agreement in that respect should be strictly observed. They have not trusted to parol proof of this part of the agreement, but have directed that it shall form a part of the submission, and for the same reason, the performance of it should appear from the award. But whether parol proof be admissible or not, for this purpose it must appear, from some part of the proceedings, that the auditors did meet at the time and place agreed on. As this does not appear, the rule must be set aside, and the case remanded for further proceedings.